IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SIXTY-THREE STRATEGIC INVESTMENT  
FUNDS [IDENTIFIED IN EXHIBIT A];  
and PRESIDIO GROWTH LLC (Tax  
Matters Partner),

      Petitioners,

      v

UNITED STATES OF AMERICA,

      Respondent.

No  C 05-1123 VRW

ORDER

---

      Minnesota Ventures, LLC ("Minnesota Ventures"), a member of one of the petitioner Strategic Investment Funds ("SIFs"), has filed a motion to intervene.  Mot to Int (Doc #15).  Neither the government nor any other party in this action has opposed the motion.  For the reasons set forth below, Minnesota Ventures' motion to intervene is GRANTED.

I

      In December 2004, the IRS mailed Notices of Final Partnership Administrative Adjustments ("FPAAs") for the sixty-three SIFs involved in this action.  Pet for Readj (Doc #1) at

1:27-2:4, Ex A.  The FPAAs claimed that each SIF would face partnership administrative adjustments for its taxable year ending in 1999, and that the SIFs would face significant penalties. Answer (Doc #12) at 3:15-19.  On March 17, 2005, Presidio Growth, LLC ("Presidio Growth"), which was the tax matters partner for the SIFs and the recipient of FPAAs, filed a consolidated petition that challenged the FPAAs on behalf of the SIFs.  Pet for Readj.

During the taxable year ending in 1999, Minnesota Ventures was the sole Class B member of Wilson Strategic Investment Fund, LLC ("Wilson LLC"), one of the SIFs that received an FPAA. Mot to Int at 2:3-14.  On June 14, 2005, Minnesota Ventures filed a motion to intervene or for leave to intervene in the SIFs' action based on 26 USC (Internal Revenue Code) § 6226(c) and FRCP 24.  Id. The motion is unopposed.

II

After an FPAA is mailed, 26 USC § 6226 permits certain partners to file a petition for readjustment of partnership items. For the first ninety days after the FPAA is mailed, only the tax matters partner may file the petition.  26 USC § 6226(a).  If the tax matters partner does not file a petition during this period, any notice partner may file one within the following sixty days. Id § 6226(b).  Once a petition has been filed, "each person who was a partner in such partnership at any time during [the taxable year in question] shall be treated as a party to such action," and the court "shall allow each such person to participate in the action." Id § 6226(c).

Additionally, a person seeking to participate must have

2

an interest in the outcome. Id § 6226(d). That is, the person's partnership items during the partnership's taxable year must not have become nonpartnership items by reason of an event described in 26 USC § 6231(b), which mostly deals with issues of notice and settlement. Id §§ 6226(d)(1)(A), 6231(b). In addition, the period within which any tax attributable to such partnership items may be assessed against that partner must not have expired. Id § 6226(d)(1)(B).

Accordingly, section 6226(c) grants a qualifying party a right to intervene in the petition proceeding. There are two rules governing the right to intervene by statute in federal court. Under FRCP 24(a)(1), the court must allow intervention when the motion to intervene is timely, and "when a statute of the United States confers an unconditional right to intervene." Under Rule 24(b)(1), the court has discretion to allow intervention when the motion is timely and "when a statute of the United States confers a conditional right to intervene."

III

Minnesota Ventures asserts it was a partner in Wilson LLC, one of the SIFs for whom Presidio Growth filed a petition, during the taxable year at issue. Mot to Int at 2:3-14. Minnesota Ventures also alleges that it has an interest in the action because its partnership items have not become nonpartnership items by reason of an event described in section 6231(b), and because the period for tax assessment has not expired. Id at 2:28-3:9. In sum, Minnesota Ventures has alleged facts sufficient to qualify for intervention under section 6226(c).

3

Because section 6226(c) states that the court "shall" allow a qualifying party to participate, the court does not have discretion to deny intervention to a party who meets the statute's requirements. Accordingly, Minnesota Ventures has an unconditional statutory right to intervene under FRCP 24(a)(1). Cf <u>Brotherhood of RR Trainmen v Baltimore & Ohio RR</u>, 331 US 519, 530-31 (1947) (a statute providing that a qualifying party "may" intervene conferred an unconditional right of intervention).

Moreover, the court finds that Minnesota Ventures motion for intervention is timely. In determining timeliness, courts generally evaluate three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay. <u>United States v Oregon</u>, 745 F 2d 550, 552 (9th Cir 1984). In addition, courts must be more lenient in applying the timeliness requirement where intervention is sought as a matter of right. Id.

In this case, Minnesota Ventures could not file its own readjustment petition for the first three months after the FPAAs were mailed because that prerogative only belonged to the tax matters partner, Presidio Growth, under 26 USC § 6226(a). Moreover, Minnesota Ventures could not later file a petition under 26 USC § 6226(b) because Presidio Growth had already filed one on March 17, 2005. Hence, Minnesota Ventures sought to intervene by filing this motion, which it did within three months of Presidio Growth's petition. Because this proceeding is still at a relatively early stage, the other parties have not raised any claims of prejudice, and there has not been a lengthy delay, Minnesota Ventures is entitled to intervene in this proceeding

**4**

1  under FRCP 24(a)(1).

3                                    IV
4       For the reasons stated above, Minnesota Ventures' motion
5  to intervene is GRANTED.

7       IT IS SO ORDERED.

                                    /s/ Vaughn R Walker
                                    _____
                                    **VAUGHN R WALKER**
                                    **United States District Judge**